107 F.3d 4
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Jacob COHEN, Defendant-Appellant.
 Nos. 96-1104, 96-1370(CON).
 United States Court of Appeals, Second Circuit.
 Feb. 20, 1997.
 
 APPEARING FOR APPELLANT:Joseph R. Willie, II, Willie, Willie & Associates, Houston, TX.
 APPEARING FOR APPELLEE:James I. Glasser, Asst. U.S. Atty., Bridgeport, Conn.
 PRESENT: HONORABLE JON O. NEWMAN, Chief Judge. HONORABLE AMALYA L. KEARSE, HONORABLE DANIEL M. FRIEDMAN,* Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the District of Connecticut and was taken on submission.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 Jacob Cohen appeals from the February 6, 1996, judgment of the District Court sentencing Cohen to a term of imprisonment of 21 months, following his guilty plea to conspiracy to launder money derived from unlawful narcotics transactions in violation of 18 U.S.C. § 371. Cohen challenges the sentence on two grounds: (i) the three-level specific offense enhancement of U.S.S.G. § 2S1.1(b)(1) should not have been applied because the Government did not prove that Cohen "knew or believed" that the funds he conspired to launder were the proceeds of unlawful narcotics transactions; and (ii) the sentence for Cohen was more severe than that received by three co-defendants.
 
 
 4
 1. Cohen's challenge to the subsection 2S1.1(b)(1) enhancement cannot be raised on appeal because it was not raised in the District Court. Indeed, Cohen admitted to the District Court on numerous occasions that he realized that the funds he conspired to launder were derived from unlawful narcotics transactions. In a letter objection to the initial PSR, for instance, Cohen's attorney stated that "[a]s to knowledge or belief that these proceeds were narco-dollars, Mr. Cohen realized this late in his minimal involvement [in the conspiracy]...." A similar concession was made during the sentencing hearing before the District Judge. In response to the Judge's inquiry concerning whether Cohen knew of the source of the funds he was laundering, defense counsel replied that although "[Cohen] did know," he was entitled to a downward departure based on "when he knew and how much he knew about it." Subsection 2S1.1(b)(1) clearly applies to any defendant who "knew or believed that the funds were the proceeds of an unlawful [narcotics] activity" regardless of the point during the criminal activity when he obtained this belief or knowledge, and Cohen conceded his knowledge of the source of the laundered funds. His trial counsel did not argue that the Government failed to establish Cohen's knowledge, but merely requested the Court to depart downwardly due to the lateness of the defendant's discovery of the source of the funds he was laundering.
 
 
 5
 "[I]ssues not raised in the trial court, including sentencing issues, will be deemed waived on appeal in the absence of '[p]lain errors or defects affecting substantial rights.' " United States v. Keppler, 2 F.3d 21, 23 (2d Cir.1993) (citing Fed.R.Crim.P. 52(b)). No plain error is present. Moreover, even considering Cohen's contention on its merits, we believe that the Government met its burden of showing that Cohen knew that the source of the laundered funds was an unlawful narcotics activity. The evidence showed that a Government informant met with Cohen in New York at the direction of the Israeli leaders of an international conspiracy to launder money for Colombian drug traffickers, that Cohen instructed the informant on how and where to pick up and deliver the funds to be laundered, and that Cohen told the informant to employ counter-surveillance techniques to avoid detection by law enforcement officials. The evidence was more than sufficient to support the District Court's application of the subsection 2S1.1(b)(1) enhancement.
 
 
 6
 To the extent that Cohen is objecting that the District Court should have departed downwardly because Cohen's realization of the source of the laundered funds came late in his participation in the conspiracy, the claim is not available on appeal. See United States v. Moe, 65 F.3d 245, 251 (2d Cir.1995); United States v. Sharpsteen, 913 F.2d 59, 62 (2d Cir.1990).
 
 
 7
 2. Cohen claims that his sentence is improper because it is more severe than the term of probation received by three co-defendants. Since he was sentenced at the bottom of the applicable guideline range, his argument necessarily means that he believes he was entitled to a downward departure. However, the fact that some co-defendants received a lesser sentence is not a ground for a departure. United States v. Joyner, 924 F.2d 454, 459-61 (2d Cir.1991); see also United States v. Schular, 907 F.2d 294, 299 (2d Cir.1990); United States v. Restrepo, 936 F.2d 661, 671 (2d Cir.1991). There is no claim that any impermissible factor was relied upon to distinguish appellant's sentence from those of his co-defendants, some of whom in fact received sentences greater than appellant's.
 
 
 
 *
 Of the United States Court of Appeals for the Federal Circuit, sitting by designation